Arthur B. and Eleanor L. CLEMENS, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 25869.

United States Court of Appeals, Ninth Circuit.

Dec. 30, 1971.

Richard H. Foster (argued), of Lewis & Foster, San Francisco, Cal., for appellants.

Gary R. Allen, Atty., Tax Div. (argued), Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Ernest J. Brown, Dept. of Justice, K. Martin Worthy, Chief Counsel, IRS, Washington, D. C., for appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and CROCKER, District Judge.*

---

* Honorable M. D. Crocker, United States District Judge for the Eastern District of California, sitting by designation.

1. Subsequent to the promulgation of Treas.Reg. § 1.1372–3(a), Congress indicated its satisfaction with this interpretation of the consent requirement of Code § 1372(a) by adding Code § 1372 (g), 75 Stat. 64 (1961), which allowed

PER CURIAM:

This case involves federal income tax for the years 1961, 1962, and 1963. Taxpayers filed a petition in the United States Tax Court for redetermination of deficiencies asserted against them by the Commissioner. The Tax Court rendered decision in favor of the Commissioner and this appeal followed.

Three questions are presented:

■ 1. Whether taxpayers, as stockholders of a purported subchapter S corporation, were entitled to deduct their proportionate shares of the corporation's operating losses. The Tax Court held that they could not, since the corporation's subchapter S election was invalid. The invalidity of the asserted election resulted because of the failure of some of the stockholders to consent. Int.Rev. Code of 1954 § 1372(a), 26 U.S.C. § 1372(a). The shareholders of record (with one exception) were married and their stock constituted community property; their wives, however, had not consented to the subchapter S election, as required by Treas.Reg. [26 C.F.R.] § 1.-1372–3(a) pursuant to § 1372(c) (1) of the Code, 26 U.S.C. § 1372(c) (1).[1]

■ 2. Whether taxpayers could deduct unrepaid advances made to the corporation as business expenses or losses or as nonbusiness losses incurred in transactions entered into for profit, rather than deduct them as nonbusiness bad debt losses. The Tax Court held that since these advances were in the form of loans to the corporation they were deductible only as nonbusiness bad debt losses, regardless of business circumstances which may have prompted them.

■ 3. Whether the Tax Court correctly found that taxpayers had failed to

late consent in certain cases by spouses who were stockholders in would-be subchapter S corporations by virtue of community property laws. The circumstances under which such special relief was permitted were expressly limited, and the situation presented by taxpayers in this case was governed fully by the requirements set out in the regulation.

establish that the debt owed to them by the corporation became worthless in the year 1962 rather than in a later year, and thus that a deduction of a nonbusiness bad debt loss could not be taken in 1962. The Tax Court determined that the debt was still of value in 1963.

For the reasons set forth by the Tax Court in its Memorandum Findings of Fact and Opinion, T.C. Memo. 1969–235, P-H Memo T.C. ¶ 69,235, judgment is affirmed. We note that taxpayers claim that the Tax Court's factual findings concerning their assertion that the debt became worthless in 1962 were erroneous because of the court's discussion of a sale of stock by taxpayers in 1963 for $45,050. Whatever the exact nature of this transaction, we fail to see any possible prejudice to taxpayers in view of the other and convincing indicia—pointed to by the Tax Court—of continuing value in the debt in 1963.

Affirmed.