Ray Mora and Mary Mora v. Commissioner.
Mora v. Commissioner
Docket No. 2592-70.
United States Tax Court
T.C. Memo 1972-123; 1972 Tax Ct. Memo LEXIS 134; 31 T.C.M. (CCH) 495; T.C.M. (RIA) 72123; May 30, 1972
Willard D. Horwich, for the petitioners. Stephen W. Simpson, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1966 in the amount of $2,077.17. The issue for decision is whether petitioner's wholly-owned corporation filed a valid election to be taxed as a small business corporation under subchapter S so as to entitle petitioner *135 to deduct the loss sustained by the corporation in 1966 and, in the alternative, whether respondent is estopped from denying that the corporation made such an election. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners, Ray Mora and Mary Mora, are husband and wife who, at the time of the filing of the petition herein, resided in Los Angeles, California. Petitioners filed their joint Federal income tax return for the calendar year 1966 with the district director of internal revenue at Los Angeles, California. During the taxable year ended December 31, 1966, petitioners were the sole stockholders of Ramon's Mexican Foods, Inc. (Ramon's) which was doing business as Fiesta Inn. Ray and Mary Mora each acquired one-half of Ramon's stock prior to 1960 and each of them owned 20 shares which is one-half of Ramon's stock from that time through 1966. Ramon's is a cocktail lounge selling beer, liquor, wine, and food on a retail basis, and was incorporated in 1953. Ray Mora is and from 1956 has been the president of Ramon's. Since 1953, Ramon's has kept its books and filed its tax returns on a cash basis and reported its income or loss on a calendar *136 year basis. Late in 1960, the exact date is uncertain, Ray Mora, in a discussion with his accountant was advised that it would be advantageous for Ramon's to be classified as a Small Business Corporation under Subchapter S4 Internal Revenue Code 1954. Following the discussion, a letter addressed to the District Director of Internal Revenue was typed in the accountant's office, signed by Ray Mora and the corporate seal was placed thereon. The letter stated to the general effect that Ramon's was electing to file its tax return under the section of the law applicable to small business corporations. The letter referred to some section of the Internal Revenue Code and stated that Ramon's would like to take advantage of the provisions of the section. After signing the letter, Ray Mora left it with his accountant. Mora regularly signed Ramon's quarterly income tax statements and left them with his accountant to be mailed to the Internal Revenue Service. The accountant who prepared the letter for Mora's signature died in 1963. Mary Mora did not sign the letter concerning an election by Ramon's to be taxed under Subchapter S. Ramon's received Forms 1120-S, "United States Small Business *137 Corporation Income Tax Return" for the year 1961 and subsequent years by mail from the Internal Revenue Service. Ramon's filed a Form 1120-S reporting its income for its taxable year 1961. The return was prepared by Mora's accountant and it did not show in the space on the form provided therefor the date of election by Ramon's to be taxed as a small business corporation. The return, Form 1120 S, filed by Ramon's for the year 1961 was stamped as follows: "FL 116 JUN 11 1962." Ramon's received from the district director of internal revenue, Los Angeles, California, a form letter designated FL-116 dated June 11, 1962, stating the following: Re: 1120-S The following information is required before further action may be taken regarding the above matter. 496 Please list names of shareholders showing address, number of shares owned by each, and date shares were acquired. Ray Mora wrote on the lower part of the page on which this letter was typed: "Mary N. Mora 20 shares July 15, 1954 Raymond S. Mora 20 shares July 15, 1954" and returned the letter with this information to the Internal Revenue Service. For the years 1962 through 1966, Ramon's continued to file its tax returns *138 on Forms 1120 S as a small business corporation. For the taxable year 1966, Ramon's reported on its Forms 1120 S a business loss of $8,324 which was deducted by petitioners on their joint Federal income tax return for the year 1966 as a subchapter S corporation loss. Mora prepared the 1966 return for Ramon's and in the block on the first page of Form 1120-S calling for the date of election as a small business corporation, the date "Apr. 3, 1953" was written. At all times material herein, respondent's regulations provided that Form numbered 2553, "Election by Small Business Corporation" was to be filed by a small business corporation electing to be taxed under subchapter S. Such forms filed from the metropolitan Los Angeles area are centrally filed with the Director, Western Service Center, Ogden, Utah, and are maintained under his supervision and control. Respondent caused a search of the records of the Western Service Center at Ogden, Utah, to be made for any election to be taxed as a small business corporation filed by Ramon's or by petitioners on behalf of Ramon's. No form 2553 or letter or other document purporting to be an election by Ramon's was located. The files were searched *139 under the names Ray and Mary Mora, Ramon's Mexican Food, Inc. and Fiesta Inn. Respondent's agent conducting an audit of the income tax liability of petitioners and of Ramon's did not examine the forms 1120-S for the years 1961 through 1965 filed by Ramon's to determine whether any of those forms had a filled-in block indicating the date of election of the corporation to be taxed as a small business corporation. Following the death of Mora's accountant, the files pertaining to Ramon's which had been kept by this accountant were taken over by a bookkeeper. Mora examined the files of Ramon's held by this bookkeeper but did not find a copy of the letter concerning Ramon's election to be taxed under subchapter S. Respondent in his notice of deficiency disallowed the "Subchapter S corporation loss" claimed by petitioners on their 1966 income tax return with the explanation that it has been determined that Ramon's failed to file an election as prescribed in section 1372(c)(1) to be taxed as a small business corporation. Opinion Respondent contends that Ramon's has made no proper election to be taxed as a small business corporation under subchapter S [1] and, therefore, petitioners *140 are not entitled to deduct any loss incurred by that corporation for 1966. Petitioners' primary contention is that a proper election was made. In the alternative, they contend that respondent is estopped to deny that a proper election was made by Ramon's since he accepted returns filed by Ramon's on Forms 1120-S for the years 1961 through 1965, sent a letter to Ramon's dated June 11, 1962 "Re: 1120-S" and mailed Forms 1120-S to Ramon's for 1961 and subsequent years. Section 1372(c)(1) provides that an election under subchapter S may be made by small business corporations for any taxable year at any time during the first month of such taxable year, or at any time during the month preceding such first month. Since Ramon's keeps its books and reports its income on a calendar year basis, it would have to make such an election either during the month of December or the month of January. The filing requirements of the statute are explicit and the time for filing provided for therein must be complied with for an election under subchapter S to be valid. William Pestcoe, 40 T.C. 195 (1963). *141 All that Ray Mora could recall as to any election by Ramon's was that he signed the letter "very late in the year" and that his accountant rountinely mailed in petitioners' quarterly tax returns. Assuming, arguendo, that the contents of the letter were sufficient to comply with 497 respondent's regulations, [2] the evidence as a whole is not sufficient to establish that the election was filed during the month of December 1960 or January 1961, or in fact established that it was ever filed. Therefore we find that Ramon's did not file a proper election to be taxed as a small business corporation under Subchapter S. *142 In light of our conclusion that no proper election was filed by Ramon's, we need not decide whether a stockholder's consent signed only by Ray Mora would be sufficient to constitute the consent of his wife, Mary Mora, under the community property laws of the State of California, [3] nor need we decide whether use of Form 2553 is mandatory for a proper election. Petitioners' second contention is that respondent is estopped to deny that a valid election was made by Ramon's to be taxed under subchapter S. Petitioners' position is that respondent must have received the letter Ray *143 Mora signed since Forms 1120-S were sent to Ramon's and were filed by Ramon's for the years 1961 through 1965 without challenge. It does not follow from the fact that Forms 1120-S were sent to Ramon's by mail that the letter signed by Ray Mora was received by respondent. Mora's accountant may have requested that the forms be sent to Ramon's by another letter or orally. Petitioners also assert that they were damaged by respondent's failure to notify Ramon's that no election to be taxed under subchapter S had been made for 1961 since they "presumably" reported Ramon's profit on their joint income tax return for 1961 as undistributed taxable income of their subchapter S corporation. Aside from the fact that petitioners introduced no evidence to show that they did in fact report undistributed taxable income from Ramon's for 1961 or any other year, the law is clear that under the facts here present respondent is not estopped to assess a deficiency against petitioners on the basis proposed in his notice of deficency for the year 1966.[4] There is nothing in this record to show that respondent made any audit or investigation of the returns filed by Ramon's or by petitioners for any year *144 prior to 1966. The mere acceptance or acquiescence in returns filed by a taxpayer in previous years creates no estoppel against the Commissioner nor does the overlooking of an error in a return upon audit create any such estoppel. David O. Rose, 55 T.C. 28 (1970). Moreover, had respondent's agents audited and accepted returns of Ramon's and petitioners for the years 1961 through 1965, the principles of equitable estoppel would not preclude the Commissioner from correcting mistakes of law. Automobile Club of Michigan v. Commissioner, 353 U.S. 180 (1957); Massaglia v. Commissioner, 286 F. 2d 258 (C.A. 10, 1961) affirming 33 T.C. 379 (1959). Decision will be entered for respondent. Footnotes
1. Sec. 1371-1379, I.R.C. 1954. All references herein are to the Internal Revenue Code of 1954.↩
2. Prior to May 14, 1969, Sec. 1.1372-2,income Tax Regs. stated in part: (a) Manner of Making Election. - The election of a small business corporation should be made by the corporation by filing Form 2553, containing the information required by such form, and by filing, in the manner provided in Sec. 1.1372-3, a statement of the consent of each such shareholder of the corporation. The election form shall be signed by any person who is authorized to sign the return required under section 6037 and shall be filed with the district director with whom such return is to be filed.↩
3. There is no showing in this case that the stock of Ramon's was the community property of Ray and Mary Mora. However, in Arthur B. Clemens, T.C. Memo. 1969-235, affirmed per curiam 453 F. 2d 869↩ (C.A. 9, 1971) we held that "The election under Subchapter S requires the consent of all 'shareholders' regardless of their powers of control under State community property law." We stated that the question was one of "ownership" and not "control" and where the wife in a community property state has "ownership" of the stock as a community property interest her signature is required.
4. Although petitioners did not specially plead equitable estoppel, respondent on brief states that he does not urge this point.↩