WILLIAM JAMES HOOPER and GWENDOLYN RILEY HOOPER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hooper v. Commissioner
Docket No. 5822-71
United States Tax Court
T.C. Memo 1974-176; 1974 Tax Ct. Memo LEXIS 142; 33 T.C.M. (CCH) 759; T.C.M. (RIA) 74176; June 27, 1974, Filed. *142 Held: Petitioners are not entitled to deduct losses on their joint income tax returns arising from the operation of petitioner William James Hooper's wholly-owned business, the Nu-Idea Corporation, since a proper subchapter S election was not in effect during the years in issue. William James Hooper, Pro Se. J. Leon Fetzer, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: The respondent determined deficiencies of $880.95 and $1,306.88 in the federal income taxes of petitioners for the calendar years 1968 and 1969, respectively. The sole issue presented requires our determination of whether petitioners are entitled to deduct on their joint federal income tax returns *144 losses arising from the operation of the Nu-Idea Corporation. FINDINGS OF FACT Some of the facts have been stipulated and are so found. [1] The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners William James Hooper and Gwendolyn Riley Hooper are husband and wife who, at the time of the filing of the petition herein, maintained their legal residence in Bay Minette, Alabama. They filed their joint federal income tax returns for the calendar years 1968 and 1969 with the Internal Revenue Service Center at Chamblee, Georgia. Gwendolyn Riley Hooper is a party to this action solely by virtue of having filed joint returns and consequently William James Hooper will hereinafter be referred to as the petitioner. On August 24, 1962, the Nu-Idea Corporation (hereinafter Nu-Idea) was granted articles of incorporation under the laws of the State of Alabama. *145 Nu-Idea was, and is, engaged in the laundry business. Two thousand five hundred (2,500) shares of stock were authorized for issuance as follows: Stockholder
Number of Shares James T. Matthews
2,498
Wilson Hayes
1
Ellen Propst
1
On September 7, 1962 petitioner and Wilson Hayes each acquired one-half of the interest of James T. Matthews in Nu-Idea. On September 17, 1962, Nu-Idea acquired certain laundry equipment from James T. Matthews. Said equipment was subject to a conditional sales contract which the seller had assigned to Walter E. Heller & Company. On May 19, 1963, Walter E. Heller & Company in a document entitled "Transfer Agreement" agreed to substitute Nu-Idea for James T. Matthews as the purchaser under the conditional sales contract. Wilson Hayes signed the "Transfer Agreement" for Nu-Idea as president. His signature was attested by petitioner as secretary-treasurer. In 1964 Wilson Hayes abandoned his interest in Nu-Idea in favor of petitioner. However no stock was transferred. [2]
On March 8, 1965, petitioners purchased 7.4 acres of land in Baldwin County, Oklahoma, which they transferred to Nu-Idea on February 8, 1966. That transfer *146 was reported as a sale on petitioners' 1966 return. Nu-Idea, by petitioner as president and by his wife as secretary-treasurer, then mortgaged said property to the Baldwin County Savings and Loan Association. Nu-idea maintained a checking account and on the face of the checks was the inscription "The Nu-Idea Corporation, care of Dr. William J. Hooper." The face of certain other checks drawn on that account contained the name "Nu-Idea Laundry, Inc." During the years 1962 through 1973, Nu-Idea paid annual Alabama corporation franchise taxes and obtained from the State of Alabama annual domestic corporation permits. Applications for said permits were made on behalf of Nu-Idea by petitioner as an officer of the corporation. Nu-Idea has never issued stock, held stockholders' meetings or directors' meetings, or kept corporate minutes. Nu-Idea did not file Form 2553, entitled "Election by Small Business Corporation", with the Internal Revenue Service until January, 1971. From the start of business in 1962 through the years in question, *147 petitioners have consistently reported the gains and losses of Nu-Idea on their joint federal income tax returns. For the calendar year 1962, petitioner and Wilson Hayes filed a partnership return of income for the Nu-Idea Laundry. This return along with petitioners' 1962 income tax return was audited by an internal revenue agent. During the audit petitioner was asked if he was going to file a return for the "Nu-Idea Laundry" as a subchapter S corporation. Petitioner answered in the affirmative and stated that he was going to take the profit or loss for that year into account on his joint income tax return. No adjustment with respect to petitioners' manner of reporting the loss of Nu-Idea on their joint return was made for the taxable year 1962. On their joint federal income tax returns for the calendar years 1968 and 1969, petitioners claimed losses from the "Nu-Idea Laundry" in the amounts of $3,467.09 and $5,640.09, respectively. In his notice of deficiency respondent disallowed the claimed losses since it was his determination that Nu-Idea was a corporation and that no election to be taxed as a small business corporation, as required by section 1372, [3], I.R.C. 1954, had *148 been filed for the years in question. OPINION The sole issue herein involves the question of whether petitioners may deduct the losses of the Nu-Idea Corporation for taxable years 1968 and 1969 on their joint income tax returns. Nu-Idea was granted articles of incorporation under the laws of the State of Alabama in 1962 and did business under the corporate name. Form 2553, entitled "Election by Small Business Corporation", was not filed with the Internal Revenue Service until January 1971. Petitioners have not favored the Court with a brief on their behalf, and consequently we must look to the petition to ascertain their arguments supporting their claim to the losses in question. Petitioners make the following arguments: (1) that Nu-Idea was a sole proprietorship rather than a corporation; (2) that, by petitioner's statements to the agent auditing the returns in 1962, petitioner made a binding, verbal election to be taxed as a subchapter S corporation which election continued through the years in issue; (3) that petitioners' method of reporting is a method *149 of accounting which clearly reflects income and which consequently should not be changed by the respondent since petitioners consistently reported the gains or losses of Nu-Idea on their joint income tax returns; and (4) that the 1962 auditing agent's inaction with regard to their audited method of reporting constitutes approval of their reporting which cannot be revoked. Petitioners first argue that Nu-Idea was a sole proprietorship and that they are thus entitled to deduct the losses in question on their joint income tax returns. Having carefully examined Alabama authorities, we are satisfied that Nu-Idea came into existence as a corporation under the laws of the State of Alabama when it was granted articles of incorporation. Ala. Code tit. 10, section 21(3) (1971 Cum. Supp.). [4] We think it clear that Nu-Idea was formed to conduct a laundry business in corporate form and its creation was followed by business activity under the corporate name. As such the corporate entity will not be disregarded for federal income tax purposes. Moline Properties, Inc. v. Commissioner, 319 U.S. 436, 438-39 (1943); Skarda v. Commissioner, 250 F.2d 429, 433-434 (C.A. *150 10, 1957), affg. 27 T.C. 137 (1956). Nu-Idea's failure to issue stock does not affect the reality of its existence for tax purposes. Fleming G. Railey, 36 B.T.A. 543, 548 (1937). Where, as here, the conditions precedent to the creation of a corporate body have been complied with under state law, the corporate entity will not be disregarded even though no stockholders or directors' meetings were held or minutes kept. Skarda v. Commissioner, supra at 27 T.C. 144-45. The record clearly shows that Nu-Idea acquired laundry equipment in its corporate name. It also acquired land from petitioners and then mortgaged it. In other respects, such as its maintaining a corporate checking account and its obtaining annual domestic corporation permits, it functioned as any other corporation would. We conclude that the laundry business was the business of the corporation *151 and not that of the petitioner. Consequently, petitioners are not entitled to deduct any of the losses in question as those of a sole proprietorship operated by petitioner. Ernest H. Weigman, 47 T.C. 596, 605-6 (1967), affd. per curiam 400 F.2d 584 (C.A. 9, 1968). Petitioners next argue that a verbal election was made during the audit of their 1962 return to treat Nu-Idea as a subchapter S corporation and that such election continued in force during the years in issue. Sections 1371-1378 provide, in effect, that certain corporations may elect to have their income taxed at the shareholder level rather than the corporate level. The only issue herein with respect to such an election concerns whether the election was properly made. Section 1372(c) (1) provides that the "election shall be made in such manner as the Secretary or his delegate shall prescribe by regulations." Section 1.1372-2(a), Income Tax Regs., provides in part as follows: (a) Manner of making election. The election of a small business corporation should be made by the corporation by filing Form 2553, containing information required by such form, and by filing, in the manner provided *152 in sec. 1.1372-3, a statement of the consent of each shareholder of the corporation. * * * In addition to authority granted under section 7805 to prescribe all needful rules and regulations, respondent is specifically instructed by section 1372(c) (1) to prescribe the manner in which the subchapter S election is to be made. These regulations, unless unreasonable or plainly inconsistent with the revenue statute, must be sustained and have the force and effect of law. Commissioner v. South Texas Lumber Co., 333 U.S. 496, 501 (1948); Koshland v. Helvering, 298 U.S. 441, 446-47 (1936). We do not think that the regulations in question requiring the filing of Form 2553 are unreasonable or inconsistent with the revenue statute. In an analogous situation involving the requirement of section 1.333-3, Income Tax Regs., that the election under section 333 be made on Form 964, Posey v. United States, 449 F.2d 228, 233-34 (C.A. 5, 1971), held that the taxpayers' failure to so elect on Form 964 was fatal to their use of section 333 even though they substantially complied with section 333 and the regulations prescribed pursuant to that section. See also *153 Lambert v. Commissioner, 338 F.2d 4 (C.A. 2, 1964), affg. per curiam a Memorandum Opinion of this Court. There, as here, the Secretary or his delegate is specifically authorized to prescribe the manner in which the election is to be made. Section 333(d).Since Nu-Idea did not file Form 2553 until 1971, and such filing then is not retroactive, it cannot be treated as a "small business corporation" under subchapter S for its 1968 and 1969 taxable years. We think petitioners' third argument that respondent should not be allowed to change their method of reporting because they consistently reported the gains or losses of Nu-Idea on their joint federal income tax returns is without merit. Clearly the respondent cannot be estopped, solely on the grounds of consistency in method of reporting, from asserting that such method is improper and in direct contravention to the Code. Petitioners' final argument is that one of respondent's agents concluded the audit of their 1962 return and the 1962 partnership return of income filed for "Nu-Idea Laundry" without making any adjustments with respect to their method of reporting Nu-Idea's loss for that year on their joint return. *154 Petitioners contend that such tacit approval cannot be revoked. However, the fact that a revenue agent accepted an item claimed by a taxpayer for a prior year is not binding on the respondent and certainly not upon us. M. Pauline Casey, 38 T.C. 357, 381 (1962). Since we have determined that the losses in question were sustained by a corporation and since that corporation did not make a proper subchapter S election, petitioners are not entitled to deduct said losses on their joint returns for the years in issue. Decision will be entered for the Respondent. Footnotes
1. We note that petitioner Gwendolyn Riley Hooper did not sign the stipulation of facts but deem this omission irrelevant since no issue was raised concerning the omission and since she is a party to this action solely by virtue of having filed joint returns. ↩
2. We are unable to ascertain what happened to Ellen Propst's interest in Nu-Idea but are satisfied that petitioner wholly owned Nu-Idea. ↩
3. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
4. We realize that the cited provision refers to "making and filing a certificate of incorporation" while the stipulation states that Nu-Idea was "granted articles of incorporation." Although different words are used we think the meaning of the two phrases is the same. ↩