REX D. HORCHEM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JAMES ALLEN SCOTT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Horchem v. Commissioner
Docket Nos. 232-79, 233-79.
United States Tax Court
T.C. Memo 1980-209; 1980 Tax Ct. Memo LEXIS 370; 40 T.C.M. (CCH) 491; T.C.M. (RIA) 80209; June 23, 1980, Filed *370 Petitioners' wholly owned corporation did not make a valid subchapter S election during the Year at issue and, therefore, petitioners are not entitled to deduct the losses claimed on their individual returns. Dennis A. Roth, for the petitioners. Richard S. Bloom, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes: Petitioner
Docket No.
Taxable Year
Deficiency
Rex D. Horchem
232-79
1976
$1,213.36 [1]
James Allen Scott
233-79
1976
$1,050.00
*371 The sole issue for decision is whether petitioners' wholly owned corporation filed a timely election to qualify as a small business corporation under section 1372(c)(1) [2] so as to entitle petitioners to deduct the corporation's reported net operating losses on their individual returns for 1976. FINDINGS OF FACT All of the facts have been stipulated and are found accordingly. Petitioners Rex D. Horchem and James Allen Scott resided in Bratenahl, Ohio, when they filed their petitions in this case. They filed their 1976 individual Federal income tax returns with the Internal Revenue Service Center, Cincinnati, Ohio. During 1976, petitioners were the sole stockholders of H.I.S. Antiques, Inc. (hereinafter H.I.S.), a corporation organized in September 1975, under the laws of the State of Ohio. H.I.S. began doing business on February 1, 1976. *372 On June 2, 1976, a Form 2553, "Election by Small Business Corporation" was filed on behalf of H.I.S. to be effective for its taxable year beginning February 1, 1976. By letter dated July 23, 1976, the Internal Revenue Service rejected this election as having been filed late. On November 9, 1977, a Form 1120, "U.S. Corporation Income Tax Return" was filed on behalf of H.I.S. for its taxable year ended January 31, 1977. The return reported a loss for that year in the amount of $6,294.34. On their Federal income tax returns for 1976, petitioners each claimed a deduction of $3,147.17 as his respective portion of the reported loss of H.I.S. Respondent disallowed those deductions on the ground that H.I.S. was not a valid small business corporation since it did not file a timely election under section 1372(c). OPINION Section 1372(a) permits a small business corporation to elect not to be subject to Federal income taxes with certain exceptions not here material. Section 1372(c)(1) provides that this election may be made for any taxable year during the first month of such taxable year or during the month preceding such first month. These statutory time limits are explicit *373 and must be strictly complied with for an election under subchapter S to be valid. Frentz v. Commissioner,44 T.C. 485, 490 (1965), affd. 375 F. 2d 662 (6th Cir. 1967); Pestcoe v. Commissioner,40 T.C. 195, 198 (1963). Petitioners argue that they originally filed a Form 2553 on behalf of H.I.S. during February 1976, to be effective for its taxable year beginning February 1, 1976, thereby complying with the requirements of section 1372(c)(1). Although this form is not in evidence, petitioners, on brief, offer us an ex parte affidavit by their attorney, Dennis A. Roth, as proof that a proper filing was made on that date. It is clear, however, that ex parte affidavits submitted with a brief do not constitute evidence and cannot be considered by this Court. Rule 143(b), Tax Court Rules of Practice and Procedure; Perkins v. Commissioner,40 T.C. 330, 340 (1963). On the evidence properly before us, H.I.S. filed Form 2553 on June 2, 1976, electing subchapter S status for the taxable year beginning February 1, 1976. Under section 1372(c)(1), however, an election for such taxable year had to be made either during January *374 or February 1976 to be valid. H.I.S. did not make a timely election, and, therefore, was not an electing small business corporation during that year. See Pestcoe v. Commissioner,supra;Feldman v. Commissioner,47 T.C. 329 (1966). Accordingly, since the provisions of subchapter S, specifically section 1374, were not operative that year, petitioners are not entitled to deduct the corporation's claimed net operating losses on their 1976 returns. [3]
To reflect the foregoing, Decisions will be entered for the respondent.
Footnotes
1. In his answer, respondent admitted that a mathematical error had been made in computing this deficiency. Accordingly, after corrections, respondent determined that the actual deficiency was $1,183.36.↩
2. Statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
3. We note that even if a valid election had been made by H.I.S., section 1374(b) provides that a net operating loss is deductible by the shareholder in his "taxable year in which or with which the taxable year of the corporation ends." Since the relevant taxable year of H.I.S. ended in 1977, petitioners would in no event be entitled to such deductions in 1976.↩