**UNITED STATES of America**

v.

**Douglas G. WALKER.**

**Civ. No. S 88–1872.**

United States District Court,
D. Maryland.

Nov. 2, 1988.

Larry D. Adams, Asst. U.S. Atty., Judith K. Benderson, Dist. Counsel, Baltimore District Office, Small Business Admin., Baltimore, Md., for U.S.

John F. Simanski, Frank, Bernstein, Conaway & Goldman, Baltimore, Md., for Walker.

## MEMORANDUM

SMALKIN, District Judge.

This matter is before the Court on the plaintiff's motion for summary judgment in the amount of $1,160,972.83, with interest, in consequence of two guaranties executed by the defendant when he was an officer and part-owner of a company (Flynn & Emrich) to which the plaintiff, through the Small Business Administration (SBA), had lent money. The two guaranties in question, executed a year apart, personally obligated the defendant to pay any sums as to which the corporate borrower was in default. There is no dispute that the corporate borrower is, in fact, in default in the amount sought by the plaintiff on the two guaranties.

The plaintiff previously obtained a confessed judgment on the guaranties. This Court vacated the same by letter order of September 28, 1988, and called for the parties to brief the issues raised in the plaintiff's opposition to the motion to vacate the confessed judgment as if the plaintiff had sought summary judgment therein on the complaint. The parties have, accordingly, briefed the issues and have submitted affidavits conforming to the requirements of Fed.R.Civ.P. 56(e).

The defendant claims that there is a genuine dispute as to material fact, precluding summary judgment, because a misrepresentation was made to him by an unidentified representative of the Small Business Administration in order to induce him to sign the guaranties. The defendant asserts that the alleged misrepresentation was to the effect that "the Guaranties would remain in effect only as long as [the defendant] continued to be an employee of Flynn & Emrich." Affidavit of Douglas G.

Walker, ¶ 9, at page 2. It is uncontradicted that defendant no longer is employed by the corporate borrower and that, as of the date he left its employ, the corporation was not delinquent in its SBA loan repayments. The defendant resists summary judgment on the grounds that the alleged misrepresentation by the unidentified SBA official: (1) constituted a material misrepresentation entitling defendant to rescind the guaranties; or (2) worked an equitable estoppel against the plaintiff; or (3) constituted an enforceable "collateral agreement."

Upon consideration, the Court is of the opinion that there is no genuine dispute of material fact, and that, under the prevailing standards promulgated by the Supreme Court, the plaintiff is clearly entitled to judgment in its favor as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *See* Fed. R.Civ.P. 56(c). In *United States v. Lowell,* 557 F.2d 70, 72–73 (6th Cir.1977), the court held that summary judgment was proper in a case almost identical to the present one. The Sixth Circuit held that there could be no defense to an SBA loan guaranty on the basis of an alleged representation by SBA officials that the "guaranty was a technical requirement and that [the guarantors] would under no circumstances be called upon to repay the loan." *Id.* at 71. The court held that the guarantors could not rely upon the alleged misrepresentations as to their obligations under the guaranties, because the "guarantors were obliged to ascertain whether such officials were acting within the scope of their authority" in making the alleged misrepresentations. *Id.* at 72. In the present case, the defendant has produced no evidence that the unidentified SBA representative who allegedly made the misrepresentation to him had the authority to contradict orally the clear terms of the guaranties, or, indeed, that that representative had any authority *at all* to modify the loan authorization which set the terms of the loan, including Walker's guaranty. *See* exhibit C to the affidavit of Raymond T. Handy (appended to plaintiff's reply memorandum). *See also* 13 C.F.R. § 101.3–2, Part III, § B, ¶ 2.B.

**616**

The defendant also has produced no evidence that he investigated the authority of the SBA representative to make binding oral representations about, or changes to, the guaranties. *See Lowell,* at 72. The rule in *Lowell* is simply a reflection of the general principle that a party entering into any arrangement with a representative of the United States has the duty of investigating that representative's authority to bind the Government in the matter. *Brubaker v. United States,* 342 F.2d 655, 662 (7th Cir.1965).

Even if the defendant were somehow able to prove that the unidentified SBA representative had the delegated authority to modify a loan authorization by a proper written instrument, it is clear that under the relevant regulations of the SBA, the SBA representative would have had no authority to *misrepresent* the nature of the guaranties, which were clear and explicit in their written terms, and which never have been modified by any written instrument. *United States v. R & D One Stop Records, Inc.,* 661 F.2d 433, 435 (5th Cir.1981) (summary judgment granted to the United States, the court holding that no factual inquiry by the district court was needed because misrepresentations were not authorized by regulation).

With regard to the question of equitable estoppel, the Court notes that proof of the traditional elements of equitable estoppel is insufficient to estop the United States. In a case involving an allegation of equitable estoppel in the enforcement of a guaranteed SBA loan, the Seventh Circuit held that affirmative misconduct is an additional element of equitable estoppel when that defense is urged against the Government. *United States v. Bob Stofer Oldsmobile–Cadillac,* 766 F.2d 1147, 1151 (7th Cir.1985) (equitable estoppel may be raised against the Government only where there is a showing of affirmative misconduct). A misrepresentation to a business owner/officer either as to the terms of a written loan guaranty or the conditions under which it would be enforced does not amount to *affirmative* misconduct. Here, there is no evidence of unconscionable advantage taken of a mistake, nor a showing of any other intolerable affirmative misconduct. Rath-

er, at most, this case involves an unauthorized representation which does not amount to the kind of affirmative misconduct necessary to estop the United States. *See Crown v. U.S.R.R. Retirement Bd.,* 811 F.2d 1017, 1021 (7th Cir.1987).

Finally, the Court sees utterly no merit in defendant's "collateral agreement" argument, which is not supported by any citation of authority, nor in any defense arising out of defendant's alleged dyslexia. There is no indication that he was not afforded adequate time to read the document, or that he was denied an opportunity to have it examined by counsel.

For the reasons stated, the plaintiff's motion for summary judgment will be granted, and a judgment will be entered separately in favor of the plaintiff against the defendant, in the amount of $1,160,-972.83, with interest at the rate of $178.16 from and after February 4, 1988 to the date of judgment, and at the legal rate from the date of judgment until paid, and with costs.