**UNITED STATES of America, Plaintiff,**

v.

**Michael W. LANCASTER and Patricia D. (Lancaster) Edwards, Defendants.**

No. 5:94–CV–685–D3.

United States District Court,
E.D. North Carolina,
Western Division.

Aug. 14, 1995.

Paul M. Newby, Asst. U.S. Atty., Raleigh, NC, for plaintiff.

Jack B. Crawley, Jr., Law Offices of Jack B. Crawley, Jr., Raleigh, NC, for Patricia D. Edwards.

Clover M. Farms Inc., Sharpsburg, NC, pro se.

### MEMORANDUM OF DECISION

DUPREE, District Judge.

Plaintiff, the United States of America, brought this action against defendants, Michael W. Lancaster and Patricia Lancaster Edwards seeking a deficiency judgment following defendants' default on loans procured from the Farmers Home Administration (FmHA). Defendant Michael Lancaster failed to answer, and on January 20, 1995 default judgment was entered against him in the amount of $399,426.36. The matter is presently before the court on plaintiff's motion for summary judgment against defendant Patricia Lancaster Edwards.

Beginning in 1979, the FmHA made various loans to defendant Patricia Lancaster Edwards and her then husband, defendant Michael Lancaster. To secure these loans, plaintiff held a deed of trust covering real property owned by defendants, as well as security agreements on defendants' personal property. Subsequent to disbursement of the loans, defendants legally separated and ultimately divorced. Following the divorce, defendant Patricia Lancaster Edwards spoke with local FmHA officials about the possibility of her obtaining a release from liability for the loans she and Michael Lancaster had taken out from the FmHA. She proceeded to explain that as a part of the divorce settlement she was going to transfer all of her interest in the real and personal property in question to her former husband, defendant Michael Lancaster, in exchange for a release from liability on the FmHA loans and other consideration. The couple agreed that Michael Lancaster would be solely responsible for the loans. FmHA county supervisor, Wayne Causey agreed to release her from liability which would thereby secure the loans to her former husband. In reliance

upon the written release from personal liability which she received from Mr. Causey, defendant deeded all of her interest in the real and personal property in question to defendant Michael Lancaster. Since transferring her interest in the property to her former husband she has had no involvement in the farming operation.

On June 12, 1990, defendant received a letter from Mr. Causey which stated that it had not been within his authority to release her from the debt owed to the FmHA. She thereafter filed an application for settlement of indebtedness, which she was later told had been approved, subject to the condition that her former husband would complete payment of his adjustment offer. Defendants were subsequently found to be in default on the FmHA loans. As a result, plaintiff liquidated the held property and applied all of the net proceeds to the indebtedness. However, a balance remains due, and plaintiff brings this complaint for deficiency judgment in order to recover that amount from defendants. In response, defendant Patricia Lancaster Edwards has asserted a defense of equitable estoppel, claiming that Mr. Causey's furnishing of the written release constituted conduct sufficient to warrant estoppel against the government. She contends that the government is estopped from denying the validity of the release and that the government is precluded from pursuing a deficiency judgment against her.

 Summary judgment is appropriate if the parties' pleading, depositions, interrogatory answers, admissions and any affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(c); *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party moving for summary judgment has the initial burden of demonstrating both the absence of any material issue of fact, and that they are entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552. Once the moving party meets its initial burden, the non-moving party may not rely upon mere allegations or denials contained in its pleading, but must come forward with some form

of evidentiary material allowed by Rule 56 demonstrating the existence of a genuine issue of material fact requiring a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. In other words, to withstand a motion for summary judgment, the non-moving party must proffer sufficient evidence on which a reasonable jury could find in its favor. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

## Equitable Estoppel

Defendant Patricia Lancaster Edwards contends that she relied upon Mr. Causey's written release from liability, and as such, the government should be equitably estopped from collecting a deficiency judgment from her based on the FmHA loans. Plaintiff avers that in accordance with 7 C.F.R. § 1956.58, a county supervisor does not have the authority to execute a release from debt in this type of situation, and thus, the government should not be estopped from collecting the amount owed on the loans from defendant Patricia Lancaster Edwards.

 An equitable estoppel defense against the government is rarely successful. To begin, estoppel does not apply to the United States in the same manner as it does to private litigants. *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 60–61, 104 S.Ct. 2218, 2223–24, 81 L.Ed.2d 42 (1984) (declining to decide, as unnecessary to the holding in the case, whether the government may ever be estopped, but holding that it may not be estopped in the same manner as private litigants may be). Thus, a party seeking equitable estoppel against the government carries a heavy burden. *Office of Personnel Management v. Richmond*, 496 U.S. 414, 419, 110 S.Ct. 2465, 2468, 110 L.Ed.2d 387 (1989); *United States v. Vanhorn*, 20 F.3d 104, 112–113 n. 19 (4th Cir.1994). While no blanket bar against estoppel exists, it is infrequently, if ever, a valid defense against the government absent proof of affirmative misconduct by a government agent. *Id.* In considering similar estoppel assertions, the Supreme Court has suggested that it would

be reluctant to uphold a finding of estoppel against the United States absent affirmative misconduct by a government official, and noted that it has reversed every lower court finding of estoppel against the government that it has reviewed. *Office of Personnel Management v. Richmond,* 496 U.S. 414, 422, 110 S.Ct. 2465, 2470, 110 L.Ed.2d 387 (1989).

■ The traditional elements of equitable estoppel require the party seeking estoppel to show that (1) the party to be estopped knew the true facts at the time the relevant conduct occurred; (2) the party to be estopped intended that the other party rely on his conduct or representation; (3) the party seeking estoppel was ignorant of the true facts; and (4) the party seeking estoppel did indeed rely to his detriment on the other's conduct. *Yerger v. Robertson,* 981 F.2d 460, 466 (9th Cir.1992); *Watkins v. United States Army,* 875 F.2d 699, 709 (9th Cir.1989); *Smith S, Inc. v. Commissioner of Internal Revenue,* 837 F.Supp. 130, 134–35 (E.D.N.C.1993). However, a party seeking to equitably estop the government bears the burden of proving two additional elements in order to succeed. These are (1) that the party asserting estoppel must establish affirmative misconduct going beyond mere negligence, and (2) that not applying estoppel would result in a serious injustice, and that the public will not be unduly burdened by the imposition of estoppel. *Vanhorn,* 20 F.3d at 112.

■ In an effort to satisfy the first additional prong, defendant cites the Ninth Circuit's decision in *Yerger,* supra, for the proposition that affirmative conduct going beyond mere negligence will support estoppel against the government. However, controlling court decisions have consistently held that affirmative conduct is not sufficient, but rather, that affirmative *mis*conduct is necessary to fulfill the first additional estoppel requirement. *Vanhorn,* 20 F.3d at 112 (emphasis added); *Hughes v. Goodwin,* 860 F.Supp. 272, 277 (D.Md.1994); *Smith S, Inc. v. Commissioner of Internal Revenue,* 837 F.Supp. at 134–35; *United States v. Mott,* 12 F.3d 206, 1993 WL 475969 (November 11, 1993) (a factually similar FmHA case in

which the court held that misinformation or misrepresentation by government officials does not warrant estoppel), *aff'd* 12 F.3d 206 (4th Cir.1993) (unpublished). Additionally, to be considered affirmative misconduct sufficient to estop the government, an individual's actions must go beyond innocent or negligent misrepresentations. *Furcron v. United States,* 626 F.Supp. 320, 323 (D.Md.1986) (finding that to apply estoppel against the government, government acts or misrepresentations inducing reliance must be affirmative misconduct and more than a mistake by an individual government employee); *S & M Investment Co. v. Tahoe Regional Planning Agency,* 911 F.2d 324, 329 (9th Cir.1990) (holding that estoppel was inappropriate even though staff member gave an individual erroneous information); *Smith S, Inc. v. Commissioner of Internal Revenue,* 837 F.Supp. at 134–35 (finding that the affirmative misconduct requirement necessitates that the government employee's misconduct is something more than negligence).

■ As such, county supervisor Causey's actions, while potentially affirmative conduct, do not rise to the level necessitated by the term "affirmative misconduct." Mr. Causey's actions were not improper conduct per se. Rather, at the time that Mr. Causey made this representation, he merely did not possess the authority necessary to carry out such a release. *See* 7 C.F.R. § 1956.58. The law is clear that "anyone who enters into an arrangement with the government takes the risk of having accurately ascertained that he who purports to act for the government stays within the bounds of his authority." *Vanhorn,* 20 F.3d at 112 (*citing Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 384, 68 S.Ct. 1, 2, 92 L.Ed. 10 (1947)).

■ An unauthorized representation does not amount to affirmative misconduct which is necessary to estop the United States. *United States v. Walker,* 698 F.Supp. 614, 615 (D.Md.1988). In order to potentially set forth a successful estoppel claim, defendant must show that the government official who made the statements or did the paperwork had the authority to do so. *OPM v. Richmond,* 496 U.S. 414, 419–20, 110

S.Ct. 2465, 2468–69, 110 L.Ed.2d 387 (1989) (finding that "the government" could not be bound by the mistaken representations of an agent unless it were clear that the representations were within the scope of the agent's authority). Estoppel cannot be based on the action of an official without authority to make the relied on representations. *Id.; Merrill,* 332 U.S. at 384, 68 S.Ct. at 2; *Walker,* 698 F.Supp. at 615 ("The guarantor is obliged to ascertain whether officials were acting within the scope of their authority").

In the case at bar, the county supervisor did not possess the authority to release defendant from her debt liability. Therefore, regardless of Mr. Causey's actions, representations, or defendant Patricia Lancaster Edward's reliance upon his actions, equitable estoppel will not defeat the government's claim for deficiency judgment on the FmHA loans against her. As defendant Patricia Lancaster Edwards has proffered no other defense in this action, plaintiff's motion for summary judgment will be granted.

Judgment embodying the ruling in this memorandum will be entered.